**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Terry Harold James, | No. CV-19-08233-PHX-DJH (JZB) |
| Petitioner, | **REPORT AND RECOMMENDATION** |
| v. | |
| David Shinn, et al., | |
| Respondents. | |

TO THE HONORABLE DIANE J. HUMETEWA, UNITED STATES DISTRICT JUDGE:

Petitioner Terry Harold James has filed a pro se Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. (Doc. 1.)

**I.    Summary of Conclusion.**

Petitioner raises four grounds for relief in his Petition. The Court finds that Petitioner's claims are unexhausted and procedurally defaulted without excuse. Petitioner dismissed his direct appeal and post-conviction relief proceedings in the Arizona courts, and did not raise any claims in the Arizona Court of Appeals. Therefore, the Court will recommend that the Petition be denied and dismissed with prejudice.

**II.    Background.**

**a.    Facts of the Crimes.**

On February 5, 2017, Petitioner was involved in an incident with a neighbor in Bullhead City, Arizona. (Doc. 15-2, Ex. B, at 6-8.) When police responded to his residence,

Petitioner was involved in a three-hour standoff with police before his arrest. (*Id*.) Petitioner told police that he fired two rounds from a shotgun at a neighbor. (*Id*.)

### b.    Jury Trial and Sentencing.

The State filed an indictment in Mohave County Superior Court charging James with the following:

- One count of Disorderly Conduct Involving a Weapon, a Class 3 felony (Count 1).
- One count of Unlawful Discharge of a Firearm (Count 2).

(Doc. 15-2, Ex. B, at 5.) A jury convicted Petitioner of Counts 1 and 2. (*Id*. at 11.)

On September 27, 2017, the court sentenced Petitioner to concurrent terms of two years of imprisonment (Disorderly Conduct with a Weapon) and six months of imprisonment (Unlawful Discharge of a Firearm). (Doc. 15-1, Ex. A, at 3.)[1]

### c.    Appellate Proceedings.

On April 23, 2018, Petitioner's appellate counsel filed an opening brief, advising the court that counsel failed to find any colorable issues to raise. (Doc. 15-2, Ex. B, at 16.) On May 15, 2018, counsel filed a Motion to Dismiss the appeal at Petitioner's request. (Doc. 15-3, Ex. C, at 4.) On May 30, 2018, the court granted the request and dismissed the appeal. (Doc. 15-5, Ex. E, at 2.)

### d.    Post-Conviction Review Proceedings.

On November 3, 2017, while his direct appeal was pending, Petitioner filed a notice of post-conviction relief. (Doc. 15-6, Ex. F, at 2.) On January 11, 2018, Petitioner's counsel, at his direction, filed a motion to dismiss the PCR proceeding without prejudice. (Doc. 15-9, Ex. I, at 2.) On January 22, 2018, the court granted the motion and dismissed the proceeding. (Doc. 16, Ex. K, at 3.)

On June 13, 2018, Petitioner filed a second notice of post-conviction relief. (Doc. 16, Ex. L, at 8.) On February 25, 2019, Petitioner filed a motion to dismiss the PCR proceedings (doc. 16, ex. M. at 10), which the court granted on March 11, 2019 (doc. 16,

---

[1] Petitioner was also sentenced to 30 months of consecutive imprisonment in unrelated cases where Petitioner pleaded guilty to Aggravated Assault and Possession of Drug Paraphernalia. (Doc. 15-1, Ex. A, at 4-5.)

Ex. N, at 14).

### e.   Petitioner's Federal Habeas Petition.

On August 12, 2019, Petitioner filed this Petition. (Doc. 1.) The Court has summarized his claims as follows

> In Ground One, Petitioner alleges his Fifth Amendment due process rights were violated because the 911 call used during his trial was altered by an unknown person in Bullhead City Police Department to delete exculpatory evidence. In Ground Two, Petitioner claims his Fifth Amendment due process rights were violated because the trial judge and prosecutor had a conflict of interest and failed to recuse themselves from Petitioner's case. In Ground Three, Petitioner claims his Fifth Amendment due process rights were violated when he was denied an omnibus hearing. In Ground Four, Petitioner contends his Fifth Amendment due process rights were violated when his court-appointed attorney incorrectly advised him to dismiss his appeal and to first file a petition for postconviction relief.

(Doc. 5 at 2.)

On January 24, 2020, Respondents filed a Response to the Petition. (Doc. 14.) On February 26, 2020, Petitioner filed a Reply. (Doc. 17.)

### III.   Petitioner's Second Habeas Petition.

On April 1, 2019, Petitioner filed a previous habeas petition where he raised the same claims but failed to allege a Constitutional violation as required by 28 U.S.C. § 2254(a). *See James v. Ryan*, CV-19-8096-DJH--JZB at doc. 1 (D. Ariz. Apr. 1, 2019). On June 13, 2019, the petition was dismissed without prejudice. *James*, CV-19-8096-DJH--JZB at doc. 4 (D. Ariz. June 13, 2019).

A habeas petitioner is afforded one habeas petition challenging a conviction or sentence. *See* 28 U.S.C. § 2244(b)(1). If a prior petition raised a claim that was adjudicated on the merits, a petitioner must "move in the appropriate court of appeals for an order authorizing the district court to consider the [second or successive petition]." *Id.* § 2244(b)(3)(A). The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) imposes significant burdens on petitioners who try to raise new claims in a "second or successive" habeas petition. *See Burton v. Stewart*, 549 U.S. 147, 152–53 (2007) (per curiam).

Whether a prior petition was adjudicated on the merits depends largely upon the

nature of the ruling. *See Slack v. McDaniel*, 529 U.S. 473, 485–86 (2000) (dismissal of prior petition for failure to exhaust state remedies was unadjudicated on the merits and not a successive petition). *But see Howard v. Lewis*, 905 F.2d 1318, 1323 (9th Cir. 1990) (a dismissal of a federal habeas petition on the ground of state procedural default is a determination "on the merits" for the purposes of the successive petition doctrine); *McNabb v. Yates*, 576 F.3d 1028, 1030 (9th Cir. 2009) (dismissal of prior habeas petition as untimely is a decision on the merits because it presents a "permanent and incurable" bar to federal review of the underlying claims and "renders subsequent petitions second or successive for purposes of the AEDPA") (citation omitted).

Here, the Court dismissed Petitioner's prior petition without prejudice because Petitioner did not raise a Constitutional claim in the petition. The Court ruled that "[a]bsent from Petitioner's grounds for relief is any statement that the Petitioner is in custody in violation of the Constitution or the laws or treaties of the United States. Accordingly, the Court *lacks jurisdiction* over this case and will dismiss it." *James*, CV-19-8096-DJH--JZB at doc. 4 at 2 (D. Ariz. June 13, 2019) (emphasis added).  The Court dismissed the petition with leave to amend within 30 days. (*Id.*) On August 2, 2019, the Clerk entered judgment in accordance with the Court's June 13, 2019 Order, stating that "the complaint and action are dismissed *without* prejudice. *James*, CV-19-8096-DJH--JZB at doc. 5 (D. Ariz. August 2, 2019). (emphasis added). Because the dismissal without prejudice was not a ruling on the merits of the prior petition or an incurable bar to further federal review, the Court does not find the current Petition is successive. *See also* Fed. R. Civ. P. 41(b) ("Unless the dismissal order states otherwise, . . .any dismissal not under this rule—except one for lack of jurisdiction, improper venue, or failure to join a party under Rule 19 – operates as an adjudication on the merits.").

**IV.    Standard of Review - Exhaustion and Procedural Default.**

Ordinarily, a federal court may not grant a petition for writ of habeas corpus unless a petitioner has exhausted available state remedies. 28 U.S.C. § 2254(b). To exhaust state remedies, a petitioner must afford the state courts the opportunity to rule upon the merits

of his federal claims by "fairly presenting" them to the state's "highest" court in a procedurally appropriate manner. *Baldwin v. Reese*, 541 U.S. 27, 29 (2004) ("[t]o provide the State with the necessary 'opportunity,' the prisoner must 'fairly present' his claim in each appropriate state court . . . thereby alerting that court to the federal nature of the claim").

A claim has been fairly presented if the petitioner has described both the operative facts and the federal legal theory on which his claim is based. *See id.* at 33. A "state prisoner does not 'fairly present' a claim to a state court if that court must read beyond a petition or brief . . . that does not alert it to the presence of a federal claim in order to find material, such as a lower court opinion in the case, that does so." *Id.* at 31-32. Thus, "a petitioner fairly and fully presents a claim to the state court for purposes of satisfying the exhaustion requirement if he presents the claim: (1) to the proper forum . . . (2) through the proper vehicle, . . . and (3) by providing the proper factual and legal basis for the claim." *Insyxiengmay v. Morgan*, 403 F.3d 657, 668 (9th Cir. 2005) (internal citations omitted). The requirement that a petitioner exhaust available state court remedies promotes comity by ensuring that the state courts have the first opportunity to address alleged violations of a state prisoner's federal rights. *See Duncan v. Walker*, 533 U.S. 167, 178 (2001); *Coleman v. Thompson*, 501 U.S. 722, 731 (1991). Principles of comity also require federal courts to respect state procedural bars to review of a habeas petitioner's claims. *See Coleman*, 501 U.S. at 731-32. Under these principles, a habeas petitioner's claims may be precluded from federal review in two situations.

First, a claim may be procedurally defaulted and barred from federal habeas corpus review when a petitioner failed to present his federal claims to the state court, but returning to state court would be "futile" because the state court's procedural rules, such as waiver or preclusion, would bar consideration of the previously unraised claims. *See Teague v. Lane*, 489 U.S. 288, 297-99 (1989); *Beaty v. Stewart*, 303 F.3d 975, 987 (9th Cir. 2002). If no state remedies are currently available, a claim is technically exhausted, but procedurally defaulted. *Coleman*, 501 U.S. at 735 n.1.

Second, a claim may be procedurally barred when a petitioner raised a claim in state court, but the state court found the claim barred on state procedural grounds. *See Beard v. Kindler*, 558 U.S. 53, 59 (2009). "[A] habeas petitioner who has failed to meet the State's procedural requirements for presenting his federal claim has deprived the state courts of an opportunity to address those claims in the first instance." *Coleman*, 501 U.S. at 731-32. In this situation, federal habeas corpus review is precluded if the state court opinion relies "on a state-law ground that is both 'independent' of the merits of the federal claim and an 'adequate' basis for the court's decision." *Harris v. Reed,* 489 U.S. 255, 260 (1989).

A procedurally defaulted claim may not be barred from federal review, however, "if the petitioner can demonstrate either (1) 'cause for the default and actual prejudice as a result of the alleged violation of federal law,' or (2) 'that failure to consider the claims will result in a fundamental miscarriage of justice.'" *Jones v. Ryan*, 691 F.3d 1093, 1101 (9th Cir. 2012) (quoting *Coleman*, 501 U.S. at 732); *see also Boyd v. Thompson*, 147 F.3d 1124, 1126-27 (9th Cir. 1998) (the cause and prejudice standard applies to pro se petitioners and to those represented by counsel). To establish "cause," a petitioner must establish that some objective factor external to the defense impeded his efforts to comply with the state's procedural rules. *Cook v. Schriro*, 538 F.3d 1000, 1027 (9th Cir. 2008) (quoting *Murray v. Carrier*, 477 U.S. 478, 488-89 (1986). "'[P]rejudice' is actual harm resulting from the constitutional violation or error." *Magby v. Wawrzaszek*, 741 F.2d 240, 244 (9th Cir. 1984). Where a petitioner fails to establish either cause or prejudice, the court need not reach the other requirement. *See Hiivala v. Wood*, 195 F.3d 1098, 1105 n.6 (9th Cir. 1999); *Cook*, 538 F.3d at 1028 n.13.

**V.      Ground One – Alteration of 911 call.**

In Ground One, Petitioner alleges that "an unknown person employed at the Bullhead City Police Department" altered a 911 call by changing the words "blank rounds" to "live rounds." (Doc. 1 at 6.) Petitioner raised this claim in his first PCR petition, which was later dismissed without prejudice at his request. (Doc. 15-9, Ex. I, at 2.) Petitioner did not raise this claim in his second PCR petition and did not raise the claim at any time in

the Arizona Court of Appeals.

Petitioner's claim is unexhausted and procedurally defaulted because Petitioner failed to properly raise this claim in the state courts. *Baldwin v. Reese*, 541 U.S. 27, 29 (2004) ("To provide the State with the necessary 'opportunity,' the prisoner must 'fairly present' his claim in each appropriate state court ... thereby alerting that court to the federal nature of the claim"). In Arizona claims are considered "exhausted" in non-capital cases when considered by the Arizona Court of Appeals. *Swoopes v. Sublett*, 196 F.3d 1008, 1010 (9th Cir. 1999). Petitioner acknowledges he did not raise this claim in the Arizona Court of Appeals. (Doc. 1 at 6.)

In his Reply, Petitioner asserts that he dismissed his appeal and post-conviction relief petitions on the advice of counsel. (Doc. 17 at 2.) But Petitioner does not deny that he voluntarily dismissed each of his state court post-conviction proceedings. Petitioner knew he was giving up his right to file any future state-court appeal when he filed an affidavit requesting his direct appeal be dismissed.  He acknowledged that "I understand that if the Appeal is dismissed, I will not later be able to file another Appeal challenging the judgement or sentence" in his case. (Doc. 15, Ex. D, at 29.) Petitioner also agreed to dismiss his second PCR proceedings by signing a form stating "I DO NOT WANT to proceed with my Rule 32 proceedings in CR 2017-00167, CR 2017-10147 and CR 2017-01061…."  Petitioner knew that he was giving up his right to have the Arizona courts review the issue presented here. Petitioner fails to establish cause and prejudice to excuse the procedural default of this claim.

Assuming arguendo that Petitioner is attempting to excuse the procedural default of his claim by asserting ineffective assistance of his post-conviction counsel, Petitioner's claim fails. Under *Martinez v. Ryan,* an exception exists in which "a procedural default will not bar a federal habeas court from hearing a substantial claim of ineffective assistance at trial if, in the initial review collateral proceeding, there was no counsel or counsel in that proceeding was ineffective." 566 U.S. 1, 17 (2012). To establish "cause" under *Martinez*, Petitioner must show:

(1) the underlying ineffective assistance of trial counsel claim is "substantial"; (2) the petitioner was not represented or had ineffective counsel during the PCR proceeding; (3) the state PCR proceeding was the initial review proceeding; and (4) state law required (or forced as a practical matter) the petitioner to bring the claim in the initial review collateral proceeding.

*Dickens v. Ryan*, 740 F.3d 1302, 1319 (9th Cir. 2014) (citing *Trevino v. Thaler*, 569 U.S. 413, 423 (2013)). Arizona does not permit a petitioner to bring an ineffective assistance of counsel claim on direct appeal, therefore, elements three and four are not in dispute. *Id.* Petitioner must show that the underlying claim is "substantial" and that his PCR counsel was "ineffective under *Strickland*." *Dickens*, 740 F.3d at 1320 (citing *Strickland v. Washington*, 466 U.S. 668 (1984)). "To establish ineffective assistance of counsel, [Petitioner] must demonstrate (1) that counsel was ineffective and (2) that counsel's deficient performance prejudiced him." *Smith v. Ryan*, 823 F.3d at 1270, 1296 (9th Cir. 2016) (citing *Strickland*, 466 U.S. at 692).

Petitioner does not allege that his trial counsel provided ineffective assistance in his case. Also, Petitioner fails to demonstrate prejudice. Petitioner fails to explain how the 911 tape was altered and how the alleged alteration prejudiced the jury verdict in his case in light of other evidence. *James v. Borg*, 24 F.3d 20, 26 (9th Cir. 1994) ("Conclusory allegations which are not supported by a statement of specific facts do not warrant habeas relief."); *Greenway v. Schriro*, 653 F.3d 790, 804 (9th Cir. 2011) ("[C]ursory and vague claim[s] cannot support habeas relief.").

## VI.     Ground Two – Failure to Recuse.

In Ground Two, Petitioner alleges the trial judge and prosecutor "should have recused themselves" from his case after he filed a civil lawsuit against them before the commencement of his jury trial. (Doc. 1 at 7.) Petitioner did not raise this claim on direct appeal or in post-conviction relief proceedings. Petitioner's claim is unexhausted and procedurally defaulted. For the reasons outlined in Ground One, Petitioner fails to excuse the procedural default of this claim. Petitioner presents nothing more than a cursory allegation in Ground Two.

**VII.   Ground Three – Failure to Hold an "Omnibus Hearing."**

In Ground Three, Petitioner alleges a violation of due process when the trial court failed to hold an "omnibus hearing" he requested by motion on "several issues." (Doc. 1 at 8.) Petitioner did not raise this claim on direct appeal and dismissed his post-conviction relief proceedings. Petitioner's claim is unexhausted and procedurally defaulted. For the reasons outlined in Ground One, Petitioner fails to excuse the procedural default of this claim. Again, Petitioner fails to explain the nature of the omnibus hearing he requested and how he was prejudiced by the failure to hold this hearing.

**VIII.   Ground Four – Dismissal of Appeal.**

In Ground Four, Petitioner alleges a violation of his Fifth Amendment right to due process when his attorney advised him to "dismiss my appeal(s), and re-file my appeal(s) after proceeding on a petition for post-conviction relief." (Doc. 1 at 9.) Petitioner's claim is unexhausted and procedurally defaulted because he did not raise this claim in the Arizona courts. Also, Petitioner fails to explain how he was prejudiced by the alleged advice of counsel.  To establish prejudice, a petitioner must show a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694. A "reasonable probability" is one "sufficient to undermine confidence in the outcome." *Id*. Petitioner presents no argument or evidence to demonstrate he was prejudiced by counsel's advice. Petitioner fails to demonstrate cause and prejudice to excuse the procedural default of this claim.

**IX.   Conclusion.**

Based on the above analysis, the Court finds that Petitioner's claims are unexhausted and procedurally defaulted.  The Court will therefore recommend that the Petition for Writ of Habeas Corpus (doc. 1) be denied and dismissed with prejudice.

**IT IS THEREFORE RECOMMENDED** that the Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (doc. 1) be **DENIED** and **DISMISSED WITH PREJUDICE**.

**IT IS FURTHER RECOMMENDED** that a Certificate of Appealability and leave

- 9 -

to proceed *in forma pauperis* on appeal be **DENIED** because the dismissal of the Petition is justified by a plain procedural bar and reasonable jurists would not find the ruling debatable, and because Petitioner has not made a substantial showing of the denial of a constitutional right.

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the district court's judgment. The parties shall have 14 days from the date of service of a copy of this Report and Recommendation within which to file specific written objections with the Court. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 6(b) and 72. Thereafter, the parties have 14 days within which to file a response to the objections.

Failure to timely file objections to the Magistrate Judge's Report and Recommendation may result in the acceptance of the Report and Recommendation by the district court without further review. *See United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003). Failure to timely file objections to any factual determinations of the Magistrate Judge will be considered a waiver of a party's right to appellate review of the findings of fact in an order of judgment entered pursuant to the Magistrate Judge's Report and Recommendation. *See* Fed. R. Civ. P. 72.

Dated this 27th day of August, 2020.

Honorable John Z. Boyle
United States Magistrate Judge